IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG LEE,<br><br>      Petitioner.<br><br> v.<br><br>MIKE EVANS, Acting Warden,<br><br>      Respondent. | No. C 06-6564 SBA (pr)<br><br>**ORDER GRANTING**<br>**RESPONDENT'S MOTION TO**<br>**DISMISS PETITION AS UNTIMELY**<br><br>(Docket no. 13) |

Petitioner Greg Lee, a state prisoner, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Respondent moves to dismiss the petition as untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner has filed an opposition to the motion, and Respondent has filed a reply to the opposition.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss.

## BACKGROUND

On October 7, 1997, Petitioner pleaded guilty to rape and sodomy with great bodily injury. On March 9, 1998, the trial court imposed a sentence of twenty-one years to life in state prison. Petitioner did not appeal his conviction.[1]

The record shows that in a letter dated December 17, 1998, the California Department of

---

[1] Respondent's counsel acknowledges that, in his motion to dismiss, he made a mistake by indicating that Petitioner appealed his conviction. (Reply at 2.) Apparently, Respondent's counsel based his statement on an unrelated docket printout for a state appeal in People v. Gregory Wayne Lee, (Case No. A082909). (Id.; Resp't Ex. 1.)

Corrections and Rehabilitation (CDCR) informed the trial court of an error made by the court in Petitioner's sentence calculations and requested "a certified copy of any Minute Order or modified Abstract of Judgment" clarifying whether the prison terms were to run fully consecutive. (Pet'r Ex. A, Letter dated Dec. 17, 1998 from Correctional Case Records Analyst Diana Del Prete-Ritz.) Petitioner claims that the trial court "failed to correct the error in any way;" therefore he "seeks habeas corpus relief to correct the improper sentence." (Pet. at 3.)

On February 3, 1999, the trial court issued a corrected Abstract of Judgment showing that Petitioner's prison terms for the rape and sodomy were to run fully consecutive. (Pet'r Ex. B, Corrected Abstract of Judgment dated Feb. 3, 1999.)

On June 28, 2005,[2] Petitioner filed a petition for a writ of habeas corpus in the Alameda County Superior Court. (Resp't Ex. 2.) The superior court denied his petition on July 7, 2005. (Pet'r Ex. E.)

On September 21, 2005, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal. (Resp't Ex. 3.) The California Court of Appeal denied his petition on October 6, 2005. (Id.)

On October 17, 2005, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. (Resp't Ex. 4.) The California Supreme Court denied his petition on August 2, 2006. (Id.)

On October 13, 2006,[3] Petitioner filed the instant federal habeas petition.

---

[2] A pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts). June 28, 2005 is the date the state habeas petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing. The Court assumes for the purposes of this discussion that the petition was delivered to prison authorities on that date.

[3] October 13, 2006 is the date Petitioner's federal habeas petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing; therefore, it will be deemed filed on that date. See Saffold, 250 F.3d at 1268.

**DISCUSSION**

The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The one-year period may start running from the expiration of the time for seeking direct review. See 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state superior court, state appellate court or the state supreme court, but did not, the limitations period will begin running against him the day after the date on which the time to seek such review expired. See Cal. Rule of Court 30.1 (subsequently renumbered as Cal. Rule of Court 8.308(a)) (providing that appeal from criminal judgment entered upon a plea of guilty or nolo contendere must be filed within sixty days after judgment is rendered). Because Petitioner did not appeal his conviction after he was sentenced on March 9, 1998, the one-year limitations period began to run against Petitioner on May 8, 1998, sixty days after the imposition sentence and the date on which the time to file a notice of appeal expired.[4] See id. Consequently, the limitations period

---

[4] Respondent incorrectly states that the judgment in the instant case was "entered on May 21, 1998, and was final on July 20, 1998, 60 days later." (Reply at 2.) Petitioner was sentenced on March 9, 1998; therefore judgment was entered on that date. (Pet'r Ex. B.)

expired one year later, May 8, 1999. See 28 U.S.C. § 2244(d).

Therefore, the instant petition filed on October 13, 2006 -- more than seven years after the limitations period had expired -- is untimely absent tolling.

## I.     **Statutory Tolling**

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time.  AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'"  Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)).  In Carey v. Saffold, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court.  In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court.  See id. at 220-25.[5]

In the present case, Petitioner filed his state habeas petition in the Alameda County Superior Court on June 28, 2005.  However, he is not entitled to statutory tolling under Section 2244(d)(2) because the limitations period had already run on May 8, 1999.  A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed, even if the state petition was timely filed).

---

[5] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction.  Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeal.  Id.  If the court of appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court.  Id. at 1006 n.3.

4

Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. See Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (once the limitations period has expired, collateral petitions can no longer serve to avoid the statute of limitations)  Accordingly, statutory tolling is not sufficient to overcome the time bar to Petitioner's federal habeas petition.

Petitioner claims that he is entitled to tolling of the limitations period under § 2244(d)(2) beginning on December 17, 1998, the date the CDCR sent the letter regarding the sentencing error to the trial court. (Pet. at 22.)  However, the CDCR's letter does not constitute "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).  Therefore, the limitations period will not be tolled based on the fact that the CDCR sent a letter to the trial court.

Because Petitioner did not meet the one-year requirement for filing the instant federal habeas petition and he is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C. § 2244(d)(1) unless he can show that he is entitled to a delayed commencement of the limitations period or equitable tolling.

**II.     Delayed Commencement of the Limitations Period**

Petitioner argues that the limitations period should start running with the date defined by § 2244(d)(1)(D), which states that the limitations period to file a federal habeas petition will begin to run on "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence."  Petitioner alleges that:

> . . . the legal basis for these claims could not have been established until the trial court responded to the erroneous sensence [sic] inquiry sent to it by [the] CDC. Had the trial court responded to the inquiry in 1998, the petition could have been filed at that time. Since it is now 2005, and the trial court has still failed to properly respond, the trial court must acknowledge its part in causing this delay.

(Pet. at 24.)  Petitioner seems to be claiming that the trial court failed to respond to the CDCR's letter and, as a result, Petitioner argues that the commencement of the limitations period should be delayed until 2005.  Petitioner's argument is unavailing.  The record shows that the trial court responded to

5

the CDCR's letter by filing a corrected Abstract of Judgment on February 3, 1999.  (Pet'r Ex. B.) While Petitioner acknowledges that the trial court filed a "'corrected' Abstract of Judgment," he claims that the CDCR "first declared his sentence illegal, while the sentencing court failed to correct the sentence or adequately verify why the sentence should stand."  (Opp'n at 2.)  The Court notes that nowhere in the CDCR's letter does it state that the sentence was "illegal," the CDCR merely asked the trial court to "review [its] file to determine if a correction is required."  (Pet'r Ex. A.) Nevertheless, the Court finds that the factual predicate of Petitioner's claim could have been discovered "through the exercise of due diligence" prior to 2005.  28 U.S.C. § 2244(d)(1)(D).  A prisoner knows of the factual predicate of a claim "when . . . he knows (or through the diligence could discover) the important facts, not when the prisoner recognizes their legal significance."  Id. (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)).  Petitioner knew or should have known of the factual predicate of his claim on December 17, 1998, the date of the CDCR's letter; however, he did not assert his rights by promptly filing a state habeas petition at that time instead of waiting seven years to do so.  Therefore, the Court finds that he is not entitled to a delayed commencement of the limitations period.[6]  Accordingly, his petition is untimely, unless equitable tolling applies.

### III. Equitable Tolling

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  Beeler, 128 F.3d at 1288.  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

---

[6] In his opposition, Petitioner argues Cunningham v. California, ___ U.S. ___, 127 S. Ct. 856 (2007), applies to his claims.  In Cunningham, the Court held that California's determinate sentencing law violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence.  See id. at 871.  However, the Court notes that because Cunningham was issued in 2007 and Petitioner's federal habeas petition was filed in 2006, Petitioner is not claiming for a delayed commencement of the limitations period based on § 2244(d)(1)(C), which states that the limitations period to file a federal habeas petition will begin to run on the date "the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review."

Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Whether equitable tolling is in order turns on an examination of detailed facts. Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002).

The Court finds that Petitioner did not allege individual facts warranting equitable tolling. Therefore, Petitioner has not demonstrated that he is entitled to equitable tolling. In fact, Petitioner concedes that he waited seven years after the expiration of the limitations period before he used the correct avenue to exhaust his state court remedies when he filed his state habeas petition on June 28, 2005. (Pet. at 24, Opp'n at 1.) Unfortunately for Petitioner, it was his delay in pursuing his state court remedies, rather than any extraordinary circumstances, that led him to exceed the limitations period. Petitioner is not entitled to equitable tolling because he has not shown "that this extraordinary exclusion should apply to him." Miranda, 292 F.3d at 1065.

Accordingly, Petitioner is not entitled to equitable tolling; therefore, his federal habeas petition is untimely.

## **CONCLUSION**

For the foregoing reasons,

Respondent's motion to dismiss the petition as untimely (docket no. 13) is GRANTED. The Clerk of the Court shall enter judgment in favor of Respondent, terminate all pending motions, and close the file. This Order terminates Docket no. 13.

IT IS SO ORDERED.

DATED: March 31, 2008

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.06\Lee6564.grantMTD(sol).frm        7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG LEE, | Case Number: CV06-06564 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| EVANS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Greg Lee K90835
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: April 7, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.06\Lee6564.grantMTD(sol).frm      8