IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG LEE,<br><br>         Petitioner.<br><br>   v.<br><br>MIKE EVANS, Acting Warden,<br><br>         Respondent. | No. C 06-6564 SBA (pr)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Docket no. 21) |

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to title 28 U.S.C. § 2254.  The Court granted Respondent's motion to dismiss the petition as untimely. Petitioner has filed a letter stating that he was "now contacting [the Court] with a request for a certificate of appealability as well as a notice of appeal."  (Apr. 10, 2008 Letter at 1.)  Any document that clearly evinces an intent to appeal and is otherwise sufficient under Federal Rule of Appellate Procedure 3(c) may be construed as the functional equivalent of a notice of appeal.  See Smith v. Barry, 502 U.S. 244, 245 (1992).  Petitioner's signed letter dated April 10, 2008 evinces an intent to appeal and is otherwise sufficient to be considered a notice of appeal.  See id. at 248; Fed. R. App. P. 3(c).  Therefore, Petitioner has filed a timely notice of appeal, which this Court construes also as an application for a certificate of appealability (COA).  See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997); 28 U.S.C. § 2253(c)(3).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds.  See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural

grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. See id.

The Court has reviewed its Order Granting Respondent's Motion to Dismiss.  The petition was dismissed because the statute of limitations deadline was May 8, 1999, this petition was not filed until October 13, 2006, and Petitioner's arguments against dismissal -- that circumstances warrant equitable tolling or a delayed commencement of the limitations period to save the petition from being untimely -- were unavailing.  Because jurists of reason would not find this conclusion debatable or wrong, the request for a COA is DENIED.

The Clerk of the Court shall forward to the Ninth Circuit Court of Appeals the case file, the Court's Order Granting Respondent's Motion to Dismiss, and this Order.  See Asrar, 116 F.3d at 1270).

This Order terminates Docket no. 21.

IT IS SO ORDERED.

DATED: 2/20/09

                                       *Saundra B Armstrong*
                                       SAUNDRA BROWN ARMSTRONG
                                       United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GREG LEE,                                              Case Number: CV06-06564 SBA

        Plaintiff,                              **CERTIFICATE OF SERVICE**

  v.

EVANS et al,

        Defendant.
                                         /

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 20, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Greg Lee K90835
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: February 20, 2009

                                       Richard W. Wieking, Clerk
                                       By: LISA R CLARK, Deputy Clerk